IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CURTIS PAUL CHUN,<br><br>      Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant.<br>_____ | CIVIL NO. 11-00508 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION<br>THAT PLAINTIFF'S APPLICATION TO<br>PROCEED WITHOUT PREPAYMENT OF<br>FEES BE DENIED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On August 18, 2011, Plaintiff Curtis Paul Chun ("Plaintiff"), appearing pro se, filed a Complaint and an Application to Proceed Without Prepaying Fees ("Application"). After careful consideration of Plaintiff's Application, the Court FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").  In determining whether to grant an application to proceed without prepayment of fees, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold.  The Department of Health and Human Services ("HHS") 2011 Poverty Guidelines indicate that the poverty threshold for a one-person family in Hawaii is $12,540.[2]  2011 HHS Poverty Guidelines, 76 Fed. Reg. 3637-38 (Jan. 20, 2011).

      Plaintiff's affidavit states that he works for the City and County of Honolulu and his monthly income is approximately $2,400.  See Application at 1.  Plaintiff further states that he has a bank account with a balance of approximately $300 and owns a motor vehicle valued at approximately $750.  Id. at 2.  Based on his affidavit, Plaintiff's annual income is $28,800, which is well above the poverty threshold in Hawaii.  Therefore, the Court finds that Plaintiff has failed to show that he cannot afford to

---

[2] Plaintiff's Application does not indicate that he provides support for anyone other than himself in his household. Plaintiff does note that he provides financial support for two friends (approximately $750 each per year) and tithing to his church (approximately $750 per year).  See Application at 2.

prepay the costs of initiating this action and does not qualify for under 28 U.S.C. § 1915(a)(1).

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed August 18, 2011, be DENIED.  If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date that this Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 22, 2011

_____
Richard L. Puglisi
United States Magistrate Judge

**CHUN V. UNITED STATES; CIVIL NO. 11-00508 ACK-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED**